FILED/REC'D

2024 DEC 31 P 1: 37

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JAMES H. FETZER, Ph.D. and )
WILLIAM S. SCOTT )
)
            Plaintiffs )
  vs )
)
INTERNAL REVENUE SERVICE; and )
JANET LOUISE YELLEN, in her official )
capacity as Treasury Secretary, DANIEL )
I. WERFEL, in his official capacity as )
Commissioner of the Internal Revenue )
Service; LEE D. MARTIN, in his official )
capacity as Director of the Internal )
Revenue Service Whistleblower Office, )
And JOHN DOE and FRANK ROE )
IRS AGENTS 1 and 2. )
)
          Defendants )
_____/

Case No. 24 CV 936 WMC

IRS -WBO No. 2025-001225

FETZER AND SCOTT NOTICE OF APPEAL OF IRS FINAL ACTION

NOW, COMES, James H. Fetzer, Ph.D., Pro Se, ("Dr. Fetzer" or "first person")

and William S. Scott, Pro Se, ("Scott" or "first person")(Dr. Fetzer and Scott collectively

are "Claimants")[1] pursuant to Administrative Procedures Act, §§ 551-559 - 704 and 26

U.S. Code § 7805 and Internal Revenue Code § 7623(b) to Appeal of the threshold

denial of their claim that the recipients ("Taxpayers") of a Seventy-three million dollar

settlement from Remington Outdoor, Inc. ("Remington") to settle the case of Soto, et al,

---

[1] Scott is a member of the Tax Court and NJ Bar and Dr. Fetzer and he, pro se, jointly prepared the
Form 211 and this appeal.

v Bushmaster, et al, are obligated to pay tax on that settlement and, in support thereof, state as follows:

## INTRODUCTION

Claimants filed a joint Form 211 to the Internal Revenue Service Whistleblower office ("IRS-WBO") pursuant to Internal Revenue Code § 7623(b) to claim that a tax in dispute that exceeds $2,000,000 and that the alleged taxpayers' gross income, after inclusion of the income paid to them by Remington Outdoor, Inc. ("Remington"), exceeded $200,000 and, therefore, payment to Claimants of not less than 15% and not more than 30% of any proceeds, including tax due, penalties, and fines ("Proceeds"), collected from Taxpayers by the IRS, is mandatory. A copy of Claimants' Form 211, together with exhibits and attachments, is Exhibit 1.

In July 2019, the IRC was strengthened to obligate the IRS to communicate with claimants to work together to collect as much Proceeds as possible. With that change came the obligation of the IRS pursuant to 26 USC § 7805 to act in good faith to review the Form 211 filed by Claimants.

Rather than act in good faith, the IRS issued a denial of their Form 211 by separate letters to Dr. Fetzer and Scott. Those letters are attached as Exhibits 2 and 3 and the attachment that was included with both letters is Exhibit 4.

Those letters demonstrate that the IRS took no investigative action. Further, the IRS did not contact either Claimant to explore the justification of their claim.

Attached is a sample of the IRS confidential review form filed by the IRS in a related Form 211 appeal filed by Dr. Fetzer currently pending before the U.S. Tax

Court redacted to delete the names of the alleged taxpayers, case number and IRS-WBO agents which discloses the lack of IRS-WBO effort in that case. See Exhibit 5.

Claimants believe, and therefore assert, the IRS-WBO lack of effort will be demonstrated by the IRS-WBO confidential 211 review form for this case.

The Internal Revenue code, generally, and the Whistleblower provisions, specifically, have been breached by the IRS-WBO failure to fully investigate the Claimants Form 211 claim.

## JURISDICTION

Recently, the United States Court of Appeals for the District of Columbia, ("US CCA DC Cir") ruled that the Tax Court lacked jurisdiction under 26 U.S.C § 7623 to review IRS denials of whistleblower claims made with little or no IRS investigation. These virtually immediate IRS denials are identified by the U.S. Tax court and the U.S. CCA as threshold denials. Mandy Mobley Li v Commissioner of Internal Revenue, 22 F. 4th 1014 (D.C. Cir. 2022), cert denied.

The Li decision left Claimants with no right to appeal to the Tax Court.

As evidenced by the change in the denial letters sent prior to 2021 and the letters sent to Dr. Fetzer and Scott, the IRS has accepted that no appeal of threshold denials to the Tax Court is available. Contrast Exhibit 6 with Exhibits 2 and 3.

Accordingly, Claimants have filed this appeal to this Court under the Administrative Procedures Act, §§ 551-559 - 704 which provides for judicial review of a final agency action "for which there is no other adequate remedy in a court".

Claimants also contend that only an Article III District Court can resolve extrinsic fraud against a Federal court claims. In this case, Remington paid a settlement with Federal bankruptcy court approval. That was extrinsic fraud practiced against the court. At issue in this case is Claimants assertion that the Remington payments to Taxpayers and the receipts by Taxpayers were ordinary for-profit business ventures rather than proper business expenses or payments for damages suffered.

The IRS has written standards of conduct when it receives information from a whistleblower. Those standards provide that an IRS informant should be extensively interviewed and kept informed as to the development of the submitted information to assist the IRS in its investigation. The IRS failed to interview either Claimant to supplement their Form 211 with additional information to support their claims.

I.      Standard of this Court's review of Form 211 Whistleblower Claims

The United States and its agencies are immune from suit unless Congress "unequivocally" waives that immunity by statute. See Lehman v. Nakshian, 453 U.S. 156, 160-62, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981)(was the claimant under The Age Discrimination in Employment Act of 1967 entitled to a jury trial to determine benefits). And the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)(review of a NY

State judgment award of damages against the US government).  The Supreme Court has said that "a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S. Ct. 687, 142 L. Ed. 2d 718 (1999)(contractor claim for payment from the U.S. Dept of Army).

The above cases and others like them are not applicable to this case because this claim/appeal is for the IRS to collect tax for the benefit of the sovereign rather than a claim for damages or benefits to be paid by the sovereign.

The assertion that the IRS would eventually have collected the taxes due from Taxpayers without the need for Claimant's Form 211 is not applicable because the IRS took no action to collect from Taxpayer prior to Claimant's filing and, after the filing, the IRS elected to deny their claim.  The IRS has demonstrated it has no intent to collect the taxes Claimants contend Taxpayers owe.  That IRS decision is contrary to its obligation to use its best efforts to uniformly collect tax from all taxpayers under the US Tax Code.  As discussed below, this Court has jurisdiction to review Claimants' claim of that IRS breach of that duty.

II.    Discussion of Applicable Cases

The status of Dist. Court diversity citizenship discussed in Feely v Sidney S. Schupper Interstate Hauling System, 72 F. Supp. 683, 687 ( D. C. Md. 1947) and similar cases are not applicable because this Court's subject matter jurisdiction is determined by the fact the Defendant is an agency of the United States Government ("USG").

Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) and other cases like it were dismissed with the following explanation: "We vacate the district court's order and remand with directions that the case be dismissed on the grounds that federal courts lack subject matter jurisdiction over this state law case because there is an insufficient amount in controversy for diversity jurisdiction to exist, and there is no federal law question in the complaint for federal question jurisdiction to exist."

Those rulings are also not applicable because there is no diversity question in this case. This case concerns the alleged failure of a Federal Defendant to perform pursuant to Federal law.

Claimants pleaded in their Form 211 that Taxpayers owe tax for the year/s they received settlement proceeds from Remington because nobody died at Sandy Hook and, therefore, Taxpayers suffered no pain and suffering to support their alleged non-payment of tax. Taxpayers perpetrated what they knew was a fraud by the claim that people died at the event commonly called Sandy Hook.

Claimants further argued that the Remington settlement paid to Taxpayers totaled seventy-three million dollars. The tax on that amount will exceed two million dollars and, therefore, Claimants are due mandatory payments on tax collected in excess of that amount.

Claimants contend no jurisdictional amount is applicable, but if one were applicable, the tax to be collected will far exceed the jurisdictional amount.

In Meidinger v. Comm'r of Internal Revenue, 662 F. App'x 774, 776 (11th Cir 2016) the court noted that the record shows that Meidinger appealed the denial of

his Form 211 application to the U. S. Tax Court and took an appeal of that denial to the United States Court of Appeals for the District of Columbia, ("US CCA DC Cir").

Both courts agreed that Meidinger was not due to receive an award because the IRS did not collect any proceeds as a result of the information provided.

Meidinger then filed an additional appeal to the U. S. District Court for the Middle District of Florida. That Court dismissed his appeal "because Meidinger was relitigating what had previously been decided". The 11th Cir appeals court then ruled that the Florida District Court decision was not an abuse of discretion. Dr. Fetzer asserts that the question of proper judicial discretion remained alive after an appeal to the Tax Court was denied and affirmance of that denial by the US CCA DC Cir.

In this case, the Claimants' attempt to appeal was ruled unavailable by the US CCA for the DC Cir decision that the U. S. Tax Court lacks jurisdiction to consider threshold denials under the IRS Whistleblower statute, 26 U. S. C. § 7623 (b). Mandy Mobley Li v Commissioner of Internal Revenue, 22 F. 4th 1014 (D.C. Cir. 2022), cert denied.

Note 1 in the Meidinger 11th Circuit opinion, is instructive:

"... we conclude that appellate jurisdiction exists to review the district court's decisions involved in appeals numbered 16-10071 and 15-1546.

Further, the Meidinger appellate court ruled:

"We review a district court's denial of injunctive relief for abuse of discretion, the court's underlying findings of fact for clear error, and its conclusions of law de novo. Common Cause/ Georgia v. Billups, 554 F. 3d 1340, 1349 (11th Cir. 2009).

Claimants contend the IRS abuse of its discretion in its review of his Form 211 claims can be timely brought to this Court because Claimants timely filed their Form 211 and this appeal and the IRS has a branch office in this USDC District.

Stone v. Comm'r of Internal Revenue, 86 F 4th 1320, 1329, (11th Cir. 2023), cert denied, concerns an appeal to the U. S. District Court for the Southern District of Florida after two Tax Court denials without an appeal of either of those decisions by the claimants.

After the first Tax Court denial under the IRS Whistleblower statute, 26 § 7623(b), had become final, the Stone Whistleblowers moved for the Tax Court to reconsider under the Administrative Procedures Act. The Tax Court ruled the APA dees not expand its authority. The Tax Court explained that the central issue was "whether the IRS collected proceeds as a result of administrative or judicial action using the whistleblower information, not whether it could have or should have."

Again, the Stone Whistleblowers did not appeal the second adverse Tax Court decision.

After the two dismissals before the Tax Court, the Stone Whistleblowers appealed to the US. District Court for the Southern District of Florida. The district court dismissed the Stone' complaint without prejudice for lack of subject-matter jurisdiction. It ruled that the appellants had an adequate remedy in the Tax Court that barred the application of the APA's waiver of sovereign immunity pursuant to 5 U.S.C. § 704 (providing for judicial review of a final agency action "for which there is no other adequate remedy in a court").

The Stone 11th Cir decision is not applicable to this case because Claimants have no other remedy in any court available by virtue of the Li decision cited above.

Claimants assert their right to bring this action under APA § 551-559, 701 - 704, 706; to this court to mandate proper review of his Form 211 and investigate extrinsic fraud against the Federal bankruptcy and CT state court are what Congress expected the APA to provide when no other court is available.

Alternatively, Claimants assert it is the duty of this Court to compel the review of their Form 211 in accordance with IRS procedures. Those procedures have been published, in part, in the Stone, et al, 11th Cir opinion, cited above. Specifically:

> "The IRS Whistleblower Office referred the claims to the IRS' Large Business and International Division ("LB&I") for audit. Mr. Stone and Mr. Carroll provided supplemental documentation to the LB&I Division, including information on the named taxpayer bank sponsors of the various REMICs that they claimed failed to comply with the statutory requirements. LB&I personnel reviewed the whistleblower claims and, on August 28, 2012, internally determined that these claims could have far-reaching implications beyond the entities identified by Mr. Stone and Mr. Carroll. Indeed, after reviewing the information provided in the whistleblower claims, an IRS auditing employee wrote that the "REMIC IPG has reviewed the information and determined it has merit," and recommended that a sample of the identified taxpayers be examined."

After the IRS investigation in Stone determined that the information was correct, the IRS demonstrated bad faith by its refusal to interview Stone and to make any attempt to collect the massive amount of tax due.

The Stone, et al, denial opinions demonstrate that equal treatment under the IRS tax code for every America taxpayer was not served. To cite Stone as authority

for proper IRS and Court review would be contrary to the duty for equal treatment that the IRS and Article III Courts are obligated to provide.

The facts of this case are substantially stronger than the reasons for the appeals made by Stone, et al. This is the Claimants' initial appeal of the IRS denial. The issues concern the prevention of tax fraud against the general public and the only entity to be negatively impacted by the IRS going forward would be the Taxpayers.

The collateral benefit to proper IRS enforcement will be the obligation of Taxpayer to attempt to justify that its fraudulent claims against Bushmaster (sic Remington) are tax deductible.

The Stone 11th Cir court ruled that the U. S. Supreme Court has repeatedly recognized "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v Chaney, 470 U.S. 821, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985).

That quote is too broad for application in this case. The issue in Heckler was what poison would be used to kill convicted felons while this case concerns the tax exemption of fraudulently obtained court settlement proceeds. The Heckler decision ruled there were no limits on the agency discretion in that case and, therefore, the poison selected was within the agency discretion.

The IRS has no authority to classify the fraudulent claims made by Taxpayers against Remington were valid. To the contrary, that effort is a for-profit

business operation. Disagreements in regard to deductibility and extrinsic fraud committed against the legal system are to be made by legal decision by this court.

A for-profit business does not qualify as a tax-exempt activity. Once the IRS collects sufficient evidence to assert Nobody Died at Sandy Hook, the burden of proof then shifts to Taxpayers to prove payments by Remington to them were tax exempt.

Rather than a burden, it will be within the IRS normal scope of business to collect evidence of whether anyone died at Sandy Hook from Claimants' Form 211, review the information Taxpayer supplies, and, thereafter, enforce tax collection.

III. Court Supervision of IRS Actions

The United States Government (USG") through its Federal Emergency Management Agency and others, participated in the false flag commonly known as Sandy Hook. In addition, the IRS has exercised bad faith in its refusal to investigate Taxpayers fraudulent claims of tax exemptions for payments made to them by Remington. Accordingly, supervision of the IRS is justified. See Claimants' Form 211 Exhibit 1.

Although Taxpayers and others have used their best efforts to obfuscate the Sandy Hook death claims, additional facts to prove Nobody Died at Sandy Hook become available every day.

## V. Authority for Mandamus

The U.S. District Court for the Western District of Louisiana issued a permanent injunction enjoining the United States Department of Justice ("DOJ") from imposing or enforcing its impact requirements under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d ("Title VI") in the State of Louisiana. State of Louisiana v. US Environmental Protection Agency, et al., No. 2:23-CV-00692, 2024 WL 3904868, at *1 (W.D. La. Aug. 22, 2024).

Federal Judge James D. Cain Jr. enjoined the EPA and DOJ, among other parties, from imposing or enforcing: (1) Title VI disparate impact requirements against any entity in the State, or mandating compliance with title VI as a condition of "past, existing, or future awards of financial assistance" to any entity in the State; and (2) Title VI-based requirements that have not been ratified by the President and are not contained within EPA's Title VI regulations.

The Federal All Writs Act grants US District courts the authority to issue writs, including Mandamus, to help them carry out their duties. The law is codified in U.S.C. Title 28, Section 1651.

### CONCLUSION

It is the duty, under Article III of the U. S. Constitution, for this Court to:

A. define and conduct an investigation of the extrinsic fraud on the Remington Bankruptcy court; and,

B. correct the IRS wrongful refusal to collect tax on the Taxpayer's for-profit business; and,

C. protect the American general public from fraudulent claims by Taxpayers.

For the reasons stated in Claimants' IRS Form 211 No. 2025-001225 and this appeal, this Court has jurisdiction to consider the merits of this appeal and the authority to grant the remedy requested.

Respectfully submitted,

Dr. James H. Fetzer, Pro Se
800 Violet Lane,
Oregon, WI 53575

(608) 835-2707
jfetzer@d.umn.edu

William S. Scott, Pro Se 1065 SW 8th
Street, Suite 1977
Miami, FL 33130
(908) 219-2323
04wmscott@comcast.net

13