UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF WISCONSIN

FILED/REC'D

2026 JUN 12 Λ 10: 21

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

JAMES H. FETZER, Ph.D., et al )
)
          Plaintiffs )  Case No. 24-cv-00936
vs )
)
INTERNAL REVENUE SERVICE; et al )  IRS -WBO No. 2025-001225
)
          Defendants )
_____/

### FETZER and SCOTT MOTION for COURT TO ACCEPT JURISDICTION

NOW, COMES, Fetzer and Scott, ("Petitioners") to move for an Order for the Court to accept jurisdiction of this case and in support thereof states as follows:

1. On December 31, 2024, the court advised that it was reviewing this case for potential jurisdictional issues.

2. Further, the court directed the clerk to not issue summons until the court enters an order confirming that subject matter exists citing Administrative Order 421 as authority.

3. No order has been entered and no summons have been issued by the Clerk to the Petitioners.

4.  For reasons stated in the Notice of Appeal and the additional reasons stated below, this court has jurisdiction to review the IRS conduct in this case.

## ARGUMENT

Fetzer and Scott submitted an IRS Form 211 whistleblower claim to identify failure of one or more taxpayers to report and pay tax due. The submission of a whistleblower claim is a request for the IRS to take the steps necessary to collect the tax and, thereafter, pay the whistleblower an award from the tax collected.

Rather than follow established IRS intake procedures—including contacting the whistleblower, examining taxpayer's returns, and referring the matter to a supervisor for initial classification of the tax code involved - the IRS denied their claim based on only a cursory review with the single conclusory statement: "no tax collected".

Fetzer and Scott appealed to this Court to seek review pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., (the "APA"), particularly a §706(2)(A) *arbitrary* and *capricious* review of the denial of their claim.  They asserted the IRS "no tax collected" response reflected an IRS failure to evaluate the information they supplied or make a

2

good-faith effort to collect the tax and that the agency was obligated to produce an administrative record sufficient for judicial review.

Fetzer and Scott expressly invoke *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which is controlling Supreme Court authority for acceptance of this case. They contend *Loper Bright* requires courts to determine whether statutory standards supply "law to apply" to the agency action before any finding that IRS whistleblower claims are subject to dismissal because of *sovereign immunity* or because they are . . . *actions committed to agency discretion by law*.

This court is required to follow *Loper Bright*, conduct a "law to apply" analysis, and treat the IRS's cursory denial as reviewable. That review must include an examination of whether the agency created a record capable of APA review and did agency conduct satisfy the APA §706(2)(A) mandated *arbitrary* and *capricious* test.

In *Stone v. Commissioner*, 86 F.4th 1320 (11th Cir. 2023), the IRS provided stated reasons for the denial: successful collection efforts would harm a substantial number of innocent third-party taxpayers and it would take extensive resources to administer the taxpayer reviews. The Eleventh Circuit described that justification and then

considered whether the denial fell within the narrow "committed to agency discretion by law" exception of 5 U.S.C. § 701(a)(2). *Stone* confirms that courts must examine the agency's stated basis for its decision before determining whether § 701(a)(2) applies.

In this case, the IRS offered no explanation and conducted only a cursory intake review that deviated from normal IRS procedures. The panel nevertheless treated the denial as unreviewable, disregarding the material distinction that in *Stone* the IRS provided an explanation that the Court reviewed and found reasonable, whereas in this case there was no explanation and no administrative record beyond "no tax collected" for the Court to consider. Accordingly, the application of § 701(a)(2) to hold that the IRS decision whether to act on Scott's whistleblower information is committed to its discretion by law, citing *Stone*, 86 F. 4th at 1328-29, was reversible error.

In *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), the Supreme Court eliminated deference to agency interpretation of statutes and established the requirement that courts conduct the analysis. Specifically,

"As relevant here, the APA specifies that courts, not agencies, will decide "*all* relevant questions of law" arising on review of agency action, 5 U. S. C. §706. . . . The court fulfills that role by recognizing constitutional delegations, fixing the boundaries of the delegated authority, and ensuring the agency has engaged in " 'reasoned decisionmaking' " within those boundaries.  *Michigan* v. *EPA*, 576 U.S. 743, 750 (quoting *Allentown Mack Sales & Service, Inc.* v. *NLRB*, 522 U.S. 359, 374)."  Loper, 144 S. Ct. 2244 (2024)."

After *Loper Bright*, courts – not agencies - must identify the statutory boundaries governing the agency's action and ensure the agency engaged in reasoned decision making within those boundaries before accepting an agency's assertion of lawful behavior, particularly the exercise of discretion. That analysis is entirely absent.

A judicial review pursuant to *Loper Bright* and the APA begins by identifying the statute that governs the agency's action and determining its meaning.

In the IRS whistleblower context, that statute is § 7623—because at the preliminary review stage the IRS cannot yet project the expected

5

amount of tax to be collected or any potential award to be paid, all of § 7623 is in play.

The Administrative Procedure Act establishes the same mandatory sequence. Courts must:

1. Identify the governing statutory standards (*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971));

2. Evaluate the agency's explanation and the administrative record pursuant to § 706(2)(A) (*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983)(The agency's action may be set aside if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.") 5 U.S.C. § 706(2)(A); and

3. Only then determine whether § 701(a)(2) applies (*Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

The Supreme Court has already required *Loper Bright* to be applied to a review of § 7623(b)(1). In *Lissack v. Commissioner*, 144 S. Ct. 2707 (2024), the Supreme Court remanded for reconsideration in light of *Loper Bright*. On remand, the D.C. Circuit reviewed the challenged IRS Code statutory whistleblower definitions *de novo*, without deference to the IRS's interpretation.

6

*Lissack v. Commissioner*, No. 21-1268 (D.C. Cir. Jan. 10, 2025). That sequence confirms that *Loper Bright* governs judicial review under § 7623(b)(1) and requires courts to interpret the statute independently before accepting any claim of agency discretion.

Taken together, *Stone, Loper Bright*, and *Lissack* require courts to conduct a § 7623 review pursuant to the APA when the IRS denies a whistleblower claim without explanation—even where no proceeds were collected and no award amount is in dispute. The absence of an IRS articulated rationale for the denial does not eliminate judicial review; it triggers it.

*Sovereign Immunity* is Inapplicable

*Loper Bright* review would be meaningless if courts were precluded from review of agency action by application of *sovereign immunity*. As explained above, the finding in *Stone* that the IRS had discretion was after the court conducted a review of the agency record and found the IRS explanation was reasonable; i.e., § 706(2)(A) was satisfied.

The correct analysis begins with the APA § 702 express waiver of *sovereign immunity* for actions seeking relief other than

money damages. Petitioners seek review of agency action and compliance with statutory duties – not monetary compensation. The Supreme Court has applied the APA § 702 waiver broadly. *Match-E-Be-Nash- She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215-16, (2012)(The APA waives the Federal Government's immunity from a suit "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority. . . applies . . . even when the relief affects the sovereign's finances)". 5 U. S. C. §702; *Bowen v. Massachusetts*, 487 U.S. 879, 891-92 (1988)("money damages" as that term is used in § 702 is compensatory relief for an injury suffered).

Petitioner's claim falls squarely within § 702 waiver because they seek review of agency action and compliance with statutory duties, not monetary relief. On the contrary, the action they seek is for the IRS to use its best efforts to collect taxes that are due or, alternatively, submit the reason for refusal to proceed for the court to review pursuant to 5 U.S.C. § 706(2)(A). No statute or

8

other law withdraws APA § 702 waiver of *sovereign immunity* for § 7623 whistleblower claims.

WHEREFORE, Petitioners request the court to authorize the clerk to issue summons to allow this case to proceed.

Respectfully submitted,

Dr. James H. Fetzer, Pro Se
800 Violet Lane,
Oregon, WI 53575

(608) 835-2707
jfetzer@d.umn.edu

William S. Scott, Pro Se
1065 SW 8th Street,
Suite 1977
Miami, FL 33130

(908) 219-2323
04wmscott@comcast.net

9