IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES H. FETZER, PH.D, and
WILLIAM S. SCOTT,

          Plaintiffs,

   v.

INTERNAL REVENUE SERVICE,
JANET LOUISE YELLEN, in her official capacity as     OPINION AND ORDER
Treasury Secretary, DANIEL I. WERFEL, in
his official capacity as Commissioner of the Internal     24-cv-936-wmc
Revenue Service, LEE D. MARTIN, in his
official capacity as Director of the Internal
Revenue Service Whistleblower Office,
and JOHN DOE and FRANK ROE
IRS AGENTS 1 AND 2,

          Defendants.[1]

---

Representing themselves, plaintiffs James H. Fetzer, Ph.D, and William S. Scott have filed a complaint that is styled as a "Notice of Appeal of IRS Final Action," objecting to the denial of their Form 211 Application for Award for Original Information ("Form 211 Application") by the IRS Whistleblower Office.  (Dkt. #1.)   Under W.D. Wis. Administrative Order 421, this court is required to confirm subject matter jurisdiction before issuing summons.  (Dkt. #4.)  Plaintiffs have also filed a motion asking the court to accept jurisdiction.  (Dkt. #6.) For reasons explained below, however, that motion must be denied and this action dismissed for lack of jurisdiction.

---

[1] The court includes the defendants that are identified by plaintiffs in their motion to amend the case caption.  (Dkt. #7.)

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

According to exhibits attached to the complaint, plaintiffs filed a joint Form 211 Application, claiming that the recipients of a $73 million settlement from a firearms manufacturer was "ordinary income" and, thus, they were obligated to pay taxes on that amount. The settlement in question was paid by Remington Arms in a lawsuit filed against its parent company in the case of *Soto et al. v. Bushmaster Firearms Int'l, LLC*, 202 A.3d 262 (Conn. 2019). That case stemmed from the mass shooting that occurred on December 14, 2012, at Sandy Hook Elementary School in Newtown, Connecticut, in which twenty-year old Adam Lanza forced his way into the school and fatally shot twenty, first-grade children and six staff members while wounding two other staff members. In their Application, plaintiffs purport to assert a whistleblower claim for the amount of unpaid taxes on the settlement based on their position that nobody died or was injured during the Sandy Hook shooting, which was a "mock FEMA drill" and a hoax, "converted into a fraud against the American People and its judicial system[.]" (Dkt. #1-1, at 11-12, 13.)

Under Section 7623 of the Internal Revenue Code, 26 U.S.C. § 7623, an award may be paid if the information provided results in the collection of tax, penalties, interest, additions to tax, or additional amounts.  The IRS Whistleblower Office denied plaintiffs' Form 211 Application because the information provided "did not result in the collection of any proceeds."  (Dkts. ##1-2, 1-3.)  Objecting that the Whistleblower Office "took no investigative action" into their claim that the Sandy Hook shooting was a hoax,[2] plaintiffs have filed this lawsuit against the defendants under the Administrative Procedures Act, 5 U.S.C. §§ 551-559, 704.  Among other things, plaintiffs seek judicial review of a final agency action on the grounds that the Tax Court lacked jurisdiction to hear their appeal. (Dkt. #1, at 3.)  They also invoke Article III of the United States Constitution, arguing that this court has inherent authority to rectify "extrinsic fraud" on the federal court system, noting that Remington Arms paid the $73 million settlement to nine plaintiffs representing the estates of those who were killed during the Sandy Hook mass shooting with the approval of a federal bankruptcy court.  (*Id*. at 4.)

Wholly aside from its implausibility, this court lacks subject-matter jurisdiction. Congress gave whistleblowers the right to appeal "[a]ny determination regarding an award" to the Tax Court.  26 U.S.C. § 7623(b)(4).  Thereafter, the United States Courts of Appeals

---

[2] The court takes judicial notice that plaintiff Fetzer was sued for defamation by the father of one of the children killed in the Sandy Hook shooting, which Fetzer has denounced was an elaborate hoax.  After being found liable by a Dane County Circuit Court, a jury returned a verdict against Fetzer in the amount of $450,000.  *See Fetzer v. Pozner*, 2021 WI App 27, 397 Wis. 2d 243, 959 N.W.2d 89 (affirming the circuit court's decision and contempt sanctions, while ordering Fetzer to pay an additional $650,000 in attorneys' fees incurred by the plaintiff during that case).

have exclusive jurisdiction over any appeal from a Tax Court decision, predicated upon the Tax Court having had jurisdiction over the case. *Id*. § 7482(a)(1); *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986). While the Tax Court lacks jurisdiction to hear an appeal from the "threshold rejection" of a Form 211 Application, *Li v. Comm'r of Internal Rev*., 22 F.4th 1014, 1015 (D.C. Cir. 2022), the Tax Court does have jurisdiction to review a determination by the IRS Whistleblower Office denying an award because the information provided "did not result in the collection of any proceeds." *Estate of Insinga by Gilmore v. Comm'r of Internal Rev*., 149 F.4th 709, 717 (D.C. Cir. 2025).

Plaintiffs having apparently failed to file an appeal to the Tax Court from the Whistleblower Office's denial, this court lacks jurisdiction to hear their appeal. *See Meidinger v. Comm'r of Internal Rev*., 662 F. App'x 774, 776 (11th Cir. 2016) (Section 7623(b)(4) "makes clear that appeals from the denial of a Form 211 application are to be filed with the Tax Court"). As the Eleventh Circuit explained in *Meidinger*, "[n]othing in that section confers jurisdiction on the district court to review determinations made by the Whistleblower's Officer or the Tax Court." Because plaintiffs assert no other plausible basis for jurisdiction, this case must be dismissed.

## ORDER

IT IS ORDERED that:

1. The action filed by plaintiffs James H. Fetzer and William S. Scott is DISMISSED without prejudice for lack of subject matter jurisdiction.

2.  Plaintiffs' motions to accept jurisdiction and to amend the case caption (dkts.

    ##6-7) are DENIED AS MOOT.

3.  The clerk's office shall enter judgment accordingly and close this case.

Entered this 9th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM C. CONLEY
District Judge